### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DONALD P. SPEAKMAN, et. al., ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 05-411-JAR |
| ) | |
| ALLMERICA FINANCIAL LIFE INS. & ) | |
| ANNUITY CO., et. al., ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter comes before the court upon the Amended Motion to Quash Subpoenas ("Amended Motion to Quash") by nonparty Main Street Securities, LLC ("Main Street") (Doc. 2). Defendants Allmerica Financial Life Insurance and Annuity Company, First Allmerica Financial Life Insurance Company, and Allmerica Financial Corporation ("Allmerica") filed a response in opposition to the Amended Motion to Quash on October 4, 2005 (Doc. 7). On October 13, 2005, Main Street filed a reply to Allmerica's opposition (Doc. 8).[1] The court has reviewed these documents and is now prepared to rule.

### I.    FACTS

---

[1] On October 13, 2005, contemporaneous with the filing of its reply, Main Street also filed a motion for leave to file its reply out of time (Doc.9), apparently under the impression that its reply had not been filed in compliance with the appropriate deadline.

Pursuant to D. Kan. Rule 6.1(d)(1), replies to responses to nondispositive motions are to "be filed and served within 14 days of the service of the response." Allmerica's response (Doc. 7) was filed and served by entry in the court's CM/ECF system on October 4, 2005, so any reply had to be filed and served by October 18, 2005, in order to be timely. Main Street's reply, filed October 13, 2005, was, therefore, timely, and, as such, the court finds Main Street's motion for leave to file its reply out of time to be moot.

On or about August 30, 2005, Allmerica served Main Street with a subpoena (Doc. 7-3). The subpoena was issued by the United States District Court for the District of Kansas and was served in Hays, Kansas. It directed Main Street to produce and permit inspection and copying of documents on September 13, 2005, at Wilmer Cutler Pickering Hale and Dorr LLP, in Boston, Massachusetts. The subpoena further directed Main Street to appear at the same office in Boston "or other location by agreement of counsel" in order to be deposed on September 20, 2005. Main Street filed a Motion to Quash on September 9, 2005, (Doc. 1), and the instant Amended Motion to Quash (Doc. 2) on September 20, 2005. On that date, the court found the original motion to quash to be moot, in light of the filing of the instant Amended Motion (Doc. 3).

## II.   DISCUSSION

Main Street asserts several objections to the subpoena served by Allmerica. Main Street argues that the subpoena is invalid because Allmerica failed to tender the fees for one day's appearance and mileage at the time the subpoena was served, in violation of Fed. R. Civ. P. 45(b)(1). Main Street further argues that the subpoena must be quashed under Fed. R. Civ. P. 45(c)(3)(A)(ii) because it requires a nonparty to travel more than 100 miles from the place that it regularly transacts business. Main Street asserts that the subpoena should be quashed because it is unreasonably duplicative and subjects Movant to an undue burden. Last, Main Street argues that the subpoena should be quashed based on the attorney-client, work product, and development and commercial information privileges, as well as on grounds that it requires disclosure of confidential research and trade secrets.

Allmerica contends that the court should not consider the Amended Motion to Quash because Main Street failed to confer prior to filing the instant motion and, as a result, violated D. Kan. Rule 37.2. Movant asserts that no duty to confer exists when filing a motion under Fed. R. Civ. P. 45 (c)(3)(A)(ii) (Doc. 8, p. 3). Additionally, Movant incorrectly argues that D. Kan. Rule 37.2 does not apply to the current dispute, but instead only governs discovery disputes (Doc. 8, p. 3).

Fed. R. Civ. P. 45 does not impose a duty to confer prior to filing a motion to quash or modify a subpoena.[2] The plain language of D. Kan. Rule 37.2, however, prohibits the court from entertaining a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c) unless counsel for the moving party either conferred or made a reasonable effort to confer with opposing counsel concerning the matter in dispute prior to filing the motion.[3] Thus, D. Kan. Rule 37.2 explicitly requires the movant to attempt to confer prior to filing a motion to quash or modify a subpoena. In the present case, Main Street made no effort to confer with defendants.

The requirement to confer "encourages resolving disputes without judicial involvement. Failure to confer or attempt to confer may result in unnecessary motions. When the court must address a dispute that the parties themselves could and should have resolved, it needlessly expends resources better applied elsewhere."[4] The court believes that Main Street's objections could have been resolved had the parties

---

[2]*Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 634-35 (D. Kan. 1999).

[3] *See* Local Rule 37.2. Rule 37.2 provides in relevant part: "[t]he court will not entertain . . . a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."

[4]*See Hertenstein*, 189 F.R.D. at 635.

3

conferred before bringing this motion. Indeed, defense counsel's September 28, 2005, letter directed to counsel for the Movant (Doc. 7-7) specifically addresses the concerns expressed in the Amended Motion to Quash and proposes several alternatives which clearly could have been implemented to alleviate those concerns. As such, the court will not entertain, and thus overrules the Amended Motion to Quash as a result of Main Street's failure to follow D. Kan. Rule 37.2.

### III.   CONCLUSION

Based upon the foregoing, the court concludes that Main Street's Amended Motion to Quash Subpoenas shall be denied. As a result of this decision, Main Street must now respond to Allmerica's subpoena, and the court will specify a procedure for this response.

**IT IS THEREFORE ORDERED:**

1. That Main Street's Amended Motion to Quash Subpoenas (Doc. 2) is hereby denied.

2. That Main Street's Motion for Leave to File a Reply Out of Time (Doc. 9) is hereby found to be moot.

3. That Main Street shall, by **March 27, 2006**, unless otherwise agreed by the parties, permit Allmerica to inspect and copy all non-privileged documents requested by Allmerica's August 30, 2005-subpoena at a mutually agreed time and at a mutually agreed location within the District of Kansas.

4. That Main Street shall, by **March 27, 2006**, unless otherwise agreed by the parties, upon Allmerica's tender of fees for one day's appearance and mileage, designate and produce a representative for deposition, as requested by Allmerica's August 30, 2005-subpoena, at a mutually agreed time and at a mutually agreed location within the District of Kansas.

**IT IS SO ORDERED.**

Dated this 23rd day of February, 2006, at Topeka, Kansas.

                                           s/K. Gary Sebelius
                                           K. Gary Sebelius
                                           U.S. Magistrate Judge